PEDRO CELESTINO LÓPEZ ET AL., Plaintiffs and Appellants, *v.* RICARDO LÓPEZ ET AL., Defendants and Appellees.

No. 5935.   Argued June 9, 1933.—Decided December 21, 1934.

Buenaventura Esteves for appellants.   García Méndez & García Méndez for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

As appears from a deed dated September 7, 1928, Pedro Celestino López and his wife executed a mortgage in favor of Ricardo López to secure the sum of $2,089.06. The property conveyed was duly described in the complaint. Ricardo López had begun a proceeding against Pedro Celestino López and his wife under a summary procedure of the mortgage law. While this mortgage proceeding was still pending, Pedro Celestino López and his wife began the present suit, not only to annul the mortgage proceeding, but also the deed on which it was founded. The complaint set up that the deed of September 7, 1928, was a pure simulation and that no consideration passed between the parties thereto.

As the complaint recited that the proof of simulation was contained in authentic documents, the defendants Ricardo López and his wife asked for an exhibition of the documentation and the court granted the motion. The plaintiffs in the present action then produced two checks as drawn against the Banco Industrial of Porto Rico, the first being No. 66 and apparently signed in blank by Ricardo López and the second being No. 211 also similarly signed in blank by Ricardo López.

Upon the receipt of these documents the defendants answered. The plaintiff in the present action, Pedro Celestino López, died before the trial and his heirs were substituted for him. At the beginning of said trial the plaintiffs

asked permission to show to the defendants a certain document which they recited was lost and afterwards was found, and which is as follows:

"Let it be known by the present extrajudicial document which I desire to have the same force as if it were a judicial one that I, Ricardo López, of age, married, and a resident of Lares, have delivered today to my brother Pedro Celestino López two blank checks, but signed in my own handwriting and that said checks are a safeguard which my brother may present to the Banco Masónico of Puerto Rico, in which I have my account, for the sum of $2,089.06 when filled out; the value of the mortgage deed which was prepared for me by Sandalio García Ducós for that amount in order that at the moment when he should want to have the property without encumbrance he may obtain it without opposition (trastornos) on my part, or any of my family, for I desire to state that my brother, Pedro Celestino López, owes me nothing, now, or before, inasmuch as all that was done was to defend his property from future suits. Lares, Puerto Rico, September 7, 1928. (Signed): Ricardo López."

When this document was presented, the court was willing to postpone the trial, but the defendants announced their willingness to proceed. To prove the averments of the complaint the plaintiff primarily put Ricardo López, the principal defendant, on the stand. On inquiry by the attorney for the plaintiffs he gave a detailed account of all the matters that arose between him and his brother, Pedro Celestino. He gave testimony tending to show that his brother, Pedro Celestino López, owed him the amount of the mortgage by reason of a settlement between them of the affairs of the firm previously existing between the witness and the said brother. Both on direct and cross-examination he insisted that the transaction between himself and his brother was a genuine one. On direct examination he admitted that the signatures to the two blank checks and to the document also in evidence were his own, but he gave a full explanation therefor. He said and was supported by other evidence that his nephew was associated with him in the firm and that

he, Ricardo López, was accustomed to turn over checks in blank for his nephew to fill out the amount; that he likewise, on sheets of paper, put signatures so that his nephew could fill in the contents of the letter.

The nephew was put on the stand by the plaintiff and likewise the wife of Pedro Celestino López, and they gave testimony tending to show that the deed was simulated.

Then the defendant presented various witnesses including the principal notary who had acted in the matter, to the effect that the mortgage deed was in fact a genuine document and the court so believed.

The court said that it had no doubts that the checks Nos. 66 and 211 were signed in blank by Ricardo López. With the stubs of the checkbook before it, the court became convinced that the checks were taken out of order of dates and hence doubted the authenticity of one of the checks and also that in the handwriting of one of the stubs of said checks the nephew, José María López, had marked the word "null". The court made the comment that it should have been a strange circumstance that the nephew should put such mark if he know that the checks was in fact valid.

Putting aside for the moment other errors assigned by the appellants, we cannot question the correctness of the court's finding. Indeed, we are of the opinion that the whole testimony tended to show that the mortgage deed was not simulated, and that the said nephew took advantage of having the blank checks and the blank piece of paper with the signature to make it appear that the deed was in effect simulated.

It is difficult to understand the complicated way in which the parties would have gone about their affairs if the deed was simulated. A simple cancellation of the mortgage would have sufficed, and there were other ways in which the two brothers could have accomplished their purposes without executing these checks in blank and without Ricardo López having written the somewhat complicated document wherein

he was supposed to have acknowledged the simulation. The court comments on the form of this document to the effect that ordinarily no one would have written it in the cramped space which the offered document showed. It is somewhat significant that this document was only found after the death of Pedro Celestino López. Perhaps he would not have gone so far as to assert that he had this document in his possession. His wife had testified that she had found it among his clothes after his death.

■ The brief of the appellants is defective in not having a due statement of the case. We have frequently commented on the fact that it is the duty of an appellant not merely to recite the pleadings, but to show on what the case really turned in the court below.

The first assignment of error is that the court ought not to have permitted testimony with respect to the manifestations or remarks of Pedro Celestino López inasmuch as he was dead. The appellee makes it perfectly clear that the witness was really called by the other side and had a perfect right to make an explanation. In any event, the proof of the real facts was so strong that we should not reverse on this account.

■ We have decided and it is a law that it is unnecessary to present the originals of deeds in the protocol of a notary, but that copies suffice.

■ The appellants also insisted that Alberto García Ducós who was the notary in this case ought not to be allowed to state what Pedro Celestino López had said to him. The theory is that Alberto García Ducós was the attorney of Pedro Celestino López. However, it is clear that in this case he was acting not as a lawyer, but as a notary with instructions from his client.

The remaining assignments of error we have covered at the beginning of this opinion.

The judgment should be affirmed.